## In re REPLOGLE.

### Patent Appeal No. 3270.

Court of Customs and Patent Appeals.
April 30, 1934.

Munson H. Lane and Charles H. Lane, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The applicant, Daniel B. Replogle, copied into his application for patent, as claim 67, claim 2 of the patent to Kern, 1,816,538, dated July 28, 1931, for the purpose of interference. The Primary Examiner of the United States Patent Office rejected said claim 67 on the ground that it did not read on the applicant's device. The decision of the examiner was affirmed by the Board of Appeals of said office, and from the decision of the board the applicant has appealed to this court.

Said claim 67 reads as follows: "67. A machine of the character described including a nozzle formed to provide end portions on a higher plane than the intermediate portion, said end portions on a higher plane extending throughout the width of the nozzle."

The references relied upon are:

Owen, 1,404,889, January 31, 1922.

Kern, supra.

The applicant's device is a vacuum cleaner nozzle which is rotatably coupled to a suction pipe. The nozzle has floor engaging strokers which are located at the front and rear of the nozzle. These strokers have downwardly extending lips which come in contact with the surface undergoing cleaning when pressure is applied to the tool, the nozzle being resiliently supported by wheels mounted on spring shanks. At the ends of the strokers are portions which are placed on a higher plane than the lips of the strokers so as to prevent sealing of the nozzle and to permit air currents to go into the nozzle at the ends.

In rejecting the claim the examiner said:

"This claim specifies that the end portions on a higher plane extend *throughout the width of the nozzle*. Reference to Figure 3 of Kern will disclose what was meant by this limitation, namely, that the end portions on a higher plane not only extend between the nozzle lips, but actually include the lips, which, as is clearly shown, are cut away at the ends, so that the intermediate portions of the front and rear nozzle lips extend lower than the portions at the ends. Figure 1 also clearly shows what is meant. Owen shows end openings which extend between the nozzle lips but do not include such lips. This claim was allowed over Owen because of the inclusion of this limitation at the end of the claim, so that it is clear the claim must be strictly construed, keeping clearly in mind the meaning placed on this limitation in the Kern patent.

"Referring now to applicant's device, it will be seen that he does not have the construction which is defined in this claim. If applicant's stroker members are considered part of the nozzle, then obviously the end portions on a higher plane do not extend throughout the 'width of the nozzle,' as this meaning must be construed to differentiate over the patent to Owen. If the strokers are not to be considered part of the nozzle, then the nozzle has no end openings whatsoever on a higher plane than the intermediate portion. It is not seen how the claim, when strictly construed, can possibly read on applicant's device.

"Applicant has maintained, that in considering an interference, patented claims are to be given the broadest scope of which their terminology is capable. The rule recently laid down in Field v. Stow, 49 F.(2d) 840, 18 C. C. P. A. 1437, 412 O. G. 557 is the *direct opposite* of that stated by applicant, wherein it was stated that where an applicant has copied claims from a patent for the purpose of interference, he is bound by the meaning placed upon them by the patentee.

"If, as applicant contends, the claim should be liberally construed, it is clear that, applying the only meaning that could be applied to the terminology so that the claim would read on applicant's device, it would define no structure not clearly shown by Owen."

In affirming the decision of the examiner as to said claim 67, the board used slightly different language than that used by him, but agreed with the conclusion reached by the examiner and for the same reasons as those assigned by him.

The appellant here urges that his alleged invention is the same as that of Kern and contends that the Kern claim should be given, for the purposes of interference, the broadest possible construction that its terms will permit. Numerous authorities are cited by the appellant to support this well-settled principle of patent law.

The Patent Office tribunals, and the Solicitor for the Patent Office in this court, however, have urged the controlling effect of another equally well-understood principle of patent law to the effect that "limitations plainly in a claim copied" from a patent "for interference purposes cannot be disregarded." In this court the solicitor has cited In re Creveling, 61 F.(2d) 862, 20 C. C. P. A. 701, and the cases therein cited.

That these two principles of law are well settled is not questioned here.

Kern's device is so constructed that the end portions of the nozzle are not only on a higher plane than the intermediate portions thereof, but said end portions extend throughout the entire width of the nozzle and do not extend merely from one intermediate portion to another as is the case of appellant's disclosure.

The record discloses that the phrase "extending throughout the width of the nozzle" was inserted in claim 2 in the Kern application as a specific limitation to avoid the prior art disclosure of Owen, supra. It is pointed out by the Patent Office tribunals and the solicitor that if the limitation is ignored, as is in effect urged by appellant, the claim when so considered would read upon Owen. It was the view of the Patent Office tribunals that a specific limitation put into the claim for such a purpose cannot be ignored when copied into another application for the purpose of interference, and the examiner relied upon Field v. Stow, 49 F.(2d) 840, 18 C. C. P. A. 1437, as supporting authority.

It seems clear to us that the contention of the appellant would lead to the conclusion that said claim 67 was not patentable, inasmuch as when so construed it reads upon the prior art. Under the circumstances of this case we cannot give the claim the interpretation contended for by appellant. In view of the limitation contained in the claim, we agree with the tribunals below that appellant's disclosure does not support it. Whether the limitation adds patentability to the claim over the prior art is not of consequence here. If it does not lend patentability to the claim, and if the claim in the patent is, therefore, invalid, this fact could not possibly militate to the advantage of the appellant under the circumstances of this case. As to the validity or invalidity of said claim we do not wish to express or suggest any view thereon.

In this view of the case we conclude that the decision of the Board of Appeals, affirming the decision of the examiner, is without error, and it is affirmed.

Affirmed.

HATFIELD, J., did not participate.